## UNITED STATES

### v.

## WALTER FISHER AND JOSEPH W. ELWELL.

San Juan, Criminal, No. 3193.

Opinion filed March 22, 1924.

*Mr. Ira K. Wells,* United States District Attorney, for United States.

*Messrs. Jas. Foster Henry, O. M. Wood,* and *R. Diaz Collazo* for defendants.

ODLIN, Judge, delivered the following opinion:

It is a matter of record in this court that the two defendants, Walter Fisher and Joseph W. Elwell, upon the trial of this case which resulted in a failure of the jury to agree, were represented by James Foster Henry, as their attorney. Sometime after the mistrial, the court, with the consent of the defendants, and the consent of the United States district attorney, fixed the date of the new trial on April 3, 1924. During the present week the attorney James Foster Henry called my attention to Rule 23 of this court adopted by Judge Hamilton ten years ago, which rule it so happened I had never read, and it provides as follows: "Attorneys will not be permitted to withdraw from any case until after proof of the court that due notice has been given to the client, and until the latter has had a reasonable opportunity to engage other counsel, and unless it is otherwise without prejudice to the interests of such client. But where a substitution is desired by the client, the attorney may require that his compensation be fixed and paid or secured before the order of substitution becomes effective."

I find upon examination of the subject that this rule is based upon decisions of important courts, such as New York, North Carolina, Texas, and other states. It seems to me that the rule is a very wise and excellent provision. It is the duty of a court

to protect every litigant, whether in a civil case or in a criminal case, from any unfair or improper treatment on the part of an attorney; but it is likewise the duty of a court to protect an attorney against any wrongful treatment by the client.

Therefore there is no question but what Mr. Elwell and Mr. Fisher had a perfect right to change their attorney after the mistrial; but it is equally apparent that before the change of attorney could become effective and recognized by this court, that the compensation due to the first attorney should be either paid or made secure. Mr. Walter Fisher, the principal defendant in the present case, was cited to appear this day, but failed to do so, and the order which is made this day is applicable only to the other defendant Joseph W. Elwell, who did appear. I have listened to the statement of Joseph W. Elwell, and he does not claim that he has paid James Foster Henry any money whatsoever, but he does claim that the agreement of employment of James Foster Henry was made by Fisher alone. Mr. James Foster Henry denies this. He states positively that he had an agreement with Fisher to represent Fisher and that he had an agreement with Elwell to represent Elwell. This court readily certifies to the diligence and energy and skill shown by James Foster Henry as counsel for Joseph W. Elwell in the case heard by this court which resulted in a mistrial. James Foster Henry states to this court that he is willing to receive a fee of $150 from Joseph W. Elwell and retire from the case. This court regards that sum as entirely fair and reasonable. This court thinks that James Foster Henry earned more than $150 in his defense of Joseph W. Elwell.

In view of the rule of this court above quoted, and after listening to the statements of both Elwell and James Foster

342

Henry it is ordered by this court that Joseph W. Elwell shall not be represented by any counsel in this court other than James Foster Henry, until he first pays to James Foster Henry the sum of $150, or supplies James Foster Henry with security for said sum which this court deems ample.

To this order and ruling Joseph W. Elwell excepts.

Done and Ordered in open court at San Juan this 22d day of March, 1924.